**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MIGUEL SANTOS-MENDOZA,

     Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,[*]

     Respondent.

No. 15-9506
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.
_____

     Miguel Santos-Mendoza, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's

(IJ) denial of his motion to reopen the IJ's 1990 order directing Santos-Mendoza's

removal to Mexico. The BIA affirmed the denial of the motion as untimely and

_____

[*] Loretta E. Lynch is substituted for Eric H. Holder, Jr., as the respondent in this action. *See* Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

dismissed Santos-Mendoza's appeal. Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny Santos-Mendoza's petition for review.

In March 1990, the Immigration and Naturalization Service (INS) instituted removal proceedings against Santos-Mendoza alleging he entered the United States in August 1989 without inspection. In April 1990, the IJ determined Santos-Mendoza was removable for the reasons alleged by the INS and directed Santos-Mendoza's removal to Mexico. Almost immediately after his removal, Santos-Mendoza illegally reentered the United States and he has remained here since 1990.

In July 2013, Santos-Mendoza moved to reopen the IJ's 1990 removal order based on (1) his presence in the United States since 1990, (2) the citizenship and permanent residency status of several of his children, (3) his Mexican citizen wife's current application for a visa through her United States citizen brother, (4) his lack of significant criminal history, and (5) the fact that he was "in the process of filing for adjustment of status . . . when his prior order of removal was reinstated and he was ordered to leave the United States." Admin. R. at 62-63. The IJ denied the motion to reopen as untimely because it was filed more than 90 days after the 1990 removal order. The IJ also noted that Santos-Mendoza was not eligible to adjust his status given his illegal reentry after the 1990 removal.

Santos-Mendoza appealed to the BIA, arguing the IJ failed to recognize that he sought reopening to apply for withholding of removal and protection under the Convention Against Torture (CAT) given "significant changes in Mexico" since 1990. *Id.* at 26-30. The BIA affirmed the IJ's denial of the motion and dismissed the

appeal, reasoning the motion was untimely and Santos-Mendoza failed to demonstrate any exceptions to the time bar because Santos-Mendoza neither relied on the CAT in his motion to reopen nor presented any evidence to either the IJ or the BIA regarding the changed conditions.

In this timely petition for review,[1] Santos-Mendoza contends both the IJ and the BIA "failed to take into account that [he] is raising Withholding and CAT in his motion to reopen, and there has been a significant change in his country's condition that should warrant [his] case to be reopened." Pet'r Br., at 6-9.

We review a BIA order denying a motion to reopen for abuse of discretion. *Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir. 2008). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (quotations omitted). When, as here, a single member of the BIA issues a brief order affirming the IJ's decision, the BIA order "constitutes the final order of removal under 8 U.S.C. § 1252(a), and thus [we] will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1123 (10th Cir. 2007) (internal quotation marks omitted).

---

[1] Santos-Mendoza timely filed his petition for review on December 11, 2014, but mistakenly filed it in the Ninth Circuit. The Ninth Circuit transferred the petition to this court on January 15, 2015. Venue in this court is proper because Santos-Mendoza's removal proceedings concluded in Aurora, Colorado. *See* Admin R. at 43; 8 U.S.C. § 1252(b)(2).

A motion to reopen an IJ decision "must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.23(b)(1); *see also* 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i) (providing an applicant generally may file one motion to reopen within 90 days of the final order of removal). Because the IJ's order directing Santos-Mendoza's removal to Mexico became final in April 1990, he had until September 30, 1996, to file a timely motion. Yet Santos-Mendoza did not file his motion to reopen until July 2013—nearly 17 years later. The BIA did not abuse its discretion in affirming the IJ's denial of this untimely motion.

The BIA also properly rejected Santos-Mendoza's argument that the IJ failed to recognize that it could consider his untimely motion because he "expressed the desire to seek relief under Withholding and CAT" based on "significant changes in Mexico" since 1990. Admin. R. at 29. The 90-day limitation does not apply if the movant seeks reopening to apply for "withholding of removal under the Convention Against Torture . . . based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 C.F.R. § 1003.23(b)(4)(i); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). As the BIA noted here, Santos-Mendoza asserted several different circumstances justifying reopening his removal order, but he did not seek withholding of removal or CAT protection based on changed conditions in Mexico. Under these circumstances, we hold the BIA did not abuse its discretion in concluding Santos-Mendoza failed to establish any

4

exceptions to the 90-day time bar and we deny Santos-Mendoza's petition for review.

Entered for the Court


Nancy L. Moritz
Circuit Judge